# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

DALE T. GOLDEN, individually and on behalf of all others similarly situated,

        Plaintiff,

v.

PARLER, INC.,

        Defendant.

Case No. 22-1893

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Parler, Inc. ("Parler" or "Defendant") hereby provides notice of removal of this action from the Circuit Court of the Thirteenth Judicial Circuit In and For Hillsborough County, Florida, to the United States District Court for the Middle District of Florida Tampa Division. Removal is proper for the following reasons:

1. On June 24, 2022, Plaintiff Dale T. Golden ("Plaintiff") filed his complaint "individually and on behalf of all others similarly situated" in the Circuit Court of the Thirteenth Judicial Circuit In and For Hillsborough County, Florida against Defendant under the Florida Telephone Solicitation Act (Fla. Stat. § 501.059). The case has been assigned docket number 22-CA-005372 in the state court action.

1

2. Without waiving any defenses regarding service of process, the complaint purportedly was served on Defendant's registered agent in Delaware on or around July 12, 2022.

3. This Court is within the judicial district that embraces the division of the Florida circuit court where this action is currently pending. See 28 U.S.C. § 1441(a); see also Local Rule 1.04 (noting that the Tampa Division serves Hillsborough County, where the complaint was originally filed in Florida state court).

4. This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332 and the Class Action Fairness Act (CAFA), which was intended to "loosen[] the requirements for diversity jurisdiction … for class actions." See Coquina Crossing Homeowners Ass'n, Inc. v. MHC Operating Ltd. P'ship, No. 3:21-CV-84-MMH-LLL, 2022 WL 843582, at *2 (M.D. Fla. Mar. 22, 2022). The state court case was commenced after CAFA's effective date of February 18, 2005.

5. "Pursuant to CAFA, federal courts are authorized to exercise original jurisdiction over a case if it is a 'class action' filed under 'rule 23 of the Federal Rules of Civil Procedure' or under a 'similar State statute or rule of judicial procedure,' the class has more than 100 members, the parties are minimally diverse, and the aggregate amount in controversy exceeds the sum or value of $5,000,000." See id.; see also 28 U.S.C. § 1332(d). Each of these

requirements are satisfied here and jurisdiction is proper in the Middle District of Florida:

    a. The complaint alleges: "Plaintiff brings this lawsuit as a class action on behalf of himself individually and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3)." See Complaint at ¶ 19. Florida courts have recognized Rule 1.220 "is not only 'similar' to, but is based on, Rule 23." See Coquina Crossing, 2022 WL 843582 at *7 (citing to Fla. R. Civ. P. 1.220, advisory committee's notes). Thus, the class action was filed under a "similar State statute or rule of judicial procedure" to Federal Rule 23.

    b. The class has more than 100 members. Indeed, the complaint alleges "Upon information and belief, Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers in Florida…The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable." See Complaint at ¶ 21; id. at ¶ 20 (noting that Plaintiff "believes the Class members number in the several thousands, if not more"); see also 28 U.S.C. § 1332(d)(1)(D) (defining "class members" to include "the persons (named or unnamed) who

fall within the definition of the proposed or certified class in a class action.").

c. The Parties are minimally diverse. The Plaintiff is a citizen and resident of Florida. See Complaint at ¶¶ 6, 9-12 (admitting that Plaintiff is a resident of Florida and received calls while residing in and physically present in Florida). The class action also is brought on behalf of "thousands of consumers in Florida." See Complaint at ¶ 21. Defendant is a citizen of Delaware. See Complaint at ¶ 7 (admitting that Defendant is a Delaware corporation); see also 28 U.S.C. § 1332(c)(1) (noting that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated").[1] Defendant's principal place of business is 613 Ewing Ave., Nashville, TN  37203. See **Exhibit A**, Declaration of A. Peikoff, at ¶ 4. Because one or more members of the Plaintiff's proposed class is a citizen of a different state (Florida) than Defendant (Delaware), minimal diversity exists. See 28 U.S.C. § 1332(d)(2)(A).

---

[1] See also https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx (Delaware Division of Corporations entity search results where a search for "Parler, Inc." demonstrates Defendant is incorporated in Delaware).

    d. The aggregate amount in controversy exceeds the sum or value of $5,000,000. While Defendant denies that it is liable to Plaintiff(s) for any amount of damages, Plaintiff claims "the aggregate damages sustained by the Class may be in the millions of dollars…" <u>See</u> Complaint at ¶ 27. Beyond this, the complaint fails to state a sum-certain for damages (although Florida law permits recovery of damages in excess of $5 million) and otherwise seeks nonmonetary relief. As a result, in accordance with 28 U.S.C. § 1446(c)(2), this Notice of Removal may assert the amount in controversy. The amount in controversy far exceeds the $5,000,000 threshold given the allegations in the complaint. First, Plaintiff claims that "the Class members number in the several thousands, if not more" and that calls have been made to "thousands of consumers" such that "[t]he members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable." <u>See</u> Complaint at ¶¶ 20, 21. Violations of the Florida Telephone Solicitation Act carry a statutory penalty of at least $500 per violation (Fla. Stat. § 501.059(10)(a)(2)), which can be multiplied three-times (*i.e.* to a minimum $1,500 per violation) should the Court find that the defendant "willfully or knowingly violated" the act (Fla. Stat. § 501.059(10)(b)). And here,

>Plaintiff alleged that "Defendant's violation of Fla. Stat. § 501.059(8)(a) was willful or knowing." Should Plaintiff(s) prevail on their claim, the Class also would be entitled to attorneys' fees (Fla. Stat. § 501.059(11)(a)), which fees also count towards the amount in controversy requirement. See, e.g., Rippee v. Bos. Mkt. Corp., 408 F. Supp. 2d 982, 984 (S.D. Cal. 2005) ("The calculation of the amount in controversy takes into account claims for … attorneys' fees recoverable by statute or contract."). Applying a minimal $1,500 penalty per violation to a class containing "more" than "several thousands" of class members, plus attorneys' fees to handle a case of this magnitude, exceeds the $5 million amount in controversy requirement.

6. This Notice of Removal should be considered timely filed. Under 28 U.S.C. § 1446, a notice of removal must generally be filed within thirty (30) days after service of the complaint. However, under Federal Rule of Civil Procedure 6(b)(1), the Court may for good cause extend the time for filing "on motion made after the time has expired if the party failed to act because of excusable neglect." The determination of whether neglect is excusable is an "equitable one, taking account of all relevant circumstances surrounding the party's omission. These include … the danger of prejudice to the [plaintiff], the length of the delay and its

6

potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); see also LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995) (finding that excusable neglect "may encompass delays caused by inadvertence, mistake, or carelessness, at least when the delay was not long, there is no bad faith, there is no prejudice to the opposing party, and movant's excuse has some merit") (internal citations omitted). "[I]t is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." See Pioneer, 507 U.S. at 392. Courts have "broad discretion" in determining whether to extend a deadline for excusable neglect. See Lozada v. Comm'r of Soc. Sec., No. 8:20-CV-1734-T-02JSS, 2021 WL 8917997, at *1 (M.D. Fla. Jan. 27, 2021).

7. Here, the complaint was purportedly served on Defendant's agent July 12, 2022, meaning Defendant had until August 11, 2022 to remove the case under 28 U.S.C. § 1446. But the facts support a finding of excusable neglect when considering the factors enumerated by the Supreme Court in Pioneer, and Defendant should be permitted to file this Notice out of time. Specifically, the facts are as follows:

a. Defendant's registered agent (Corporation Trust Center) in Delaware was served with a copy of the complaint on or around July 12, 2022. It appears that Corporation Trust Center then mailed the complaint to Defendant's office at the time in Nashville, TN. See Exhibit A at ¶ 5-6.  At the time, Parler was renting a *We Work* shared office space located at 901 Woodland St., Nashville, TN  37206. See id. at ¶ 6.

b. A UPS receipt indicates that a secretary employed or contracted by the *We Work* facility signed for the package containing the complaint on July 15, 2022. No Parler employee ever signed for the package. See id. at ¶ 7.

c. The package was addressed to Mike Hebert, who was serving as Parler's Chief Operating Officer at the time. Mr. Hebert was replaced as Parler's COO on or around August 1, 2022. See id. at ¶ 8.

d. It is unclear when the package containing the complaint was transferred from the *We Work* employee to Mr. Hebert. Throughout the month of July 2022, Parler was in the process of moving offices from the *WeWork* facility to its current 613 Ewing Ave location. Parler's transition to the new office was completed in the beginning of August. As the COO during this time, Mr. Hebert was back and

      forth between the *We Work* office location and the new office location. See id. at ¶ 10.

e. On August 16, 2022 at 11:22 a.m., one of Parler's company email addresses received an email from Benjamin Raslavich, Esq., counsel for the Plaintiff in this action. The email was promptly forwarded to Amy Peikoff, Parler's Head of Legal, at 11:33 a.m. on August 16, 2022. See id. at ¶ 11. Attached to the email was a copy of the complaint, the summons issued by the state court, a verified return of service form, and a letter from Plaintiff's counsel. The email received by Ms. Peikoff on August 16 was the first she had seen or heard of the complaint having been served. See id. at ¶ 12.

f. Upon receipt, Defendant took immediate action to respond to the complaint, including by contacting and retaining outside counsel the same day (August 16, 2022) and filing this Notice of Removal on August 18, 2022.

These circumstances, involving both a transfer of office locations and a transition of management during the period around and immediately after purported service of the complaint, are exactly the type of "excusable neglect" that federal courts and Florida courts have routinely recognized as sufficient to grant extensions of time under Rule 6. See, e.g., Satco Prod., Inc. v. Seoul

Semiconductor Co., 551 F. Supp. 3d 1329, 1332-33 (N.D. Ga. 2021) (recognizing "The Supreme Court has explained that 'excusable neglect' can include instances of 'inadvertent or negligent omission[s]'" and holding that inadvertently missing a deadline due to an office transition constituted excusable neglect); see also Carter, Hawley, Hale Stores, Inc. v. Whitman, 516 So. 2d 83, 83–84 (Fla. Dist. Ct. App. 1987) ("The record shows that the tardiness in answering was occasioned by a neglectful, but understandable, breakdown in the corporate defendant's established practice which occurred when the complaint, which had been transmitted from Florida to the corporate secretary at the company's national headquarters in Los Angeles, became 'lost' in a pile of unrelated documents on the desk of the general counsel, who was responsible for retaining a local attorney to file an appropriate response. It has been often held that such a scenario constitutes 'excusable neglect,' [citing to list of Florida cases], and we do so again.").

There is no danger of unfair prejudice to the Plaintiff. No default judgment has been entered in the state court proceeding and there is nothing preventing the case from running its normal course. Thus there is no impact on the judicial proceedings. Indeed, the length of the delay has been minimal – only seven days total (the deadline for removal based on purported service of the complaint was August 11). Considering the fact that Defendant was not even aware of the case

10

until August 16, and filed this Notice of Removal a mere two days later on August 18, it is clear that Defendant has acted promptly, without delay, and in good faith. Grounds exist for a determination of excusable neglect and good cause exists for the Court to allow Defendant to file this Notice of Removal out of time.

8. By filing this Notice of Removal, Defendant does not waive any defenses or rights that may be available to it, including but not limited to any defenses related to personal jurisdiction (or lack thereof).

9. Pursuant to 28 U.S.C. § 1446(a) and local Rule 1.06, attached to this Notice of Removal as **Exhibit B** is a copy of all papers docketed in the state court to date.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly sent to all counsel of record and a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of the Thirteenth Judicial Circuit In and For Hillsborough County, Florida.

Dated: August 18, 2022

                                          Respectfully submitted,

                                          Parler, Inc.

                                          */s/ Neil P. DiSpirito*
                                          Neil P. DiSpirito
                                          BROWN RUDNICK LLP

601 Thirteenth Street NW, Suite 600
Washington, DC 20005
Tel.: (202) 536-1794
Fax: (617) 289-0794
ndispirito@brownrudnick.com

*Counsel for Defendant*

## CERTIFICATION OF SERVICE

I hereby certify that on August 18, 2022, a copy of the foregoing was sent via email to the following:

BENJAMIN W. RASLAVICH, ESQ.
Florida Bar No.: 0102808
KUHN RASLAVICH, P.A.
2110 West Platt Street
Tampa, Florida 33606
Telephone: (813) 422 – 7782
Facsimile: (813) 422 – 7783
ben@theKRfirm.com

*/s/ Neil P. DiSpirito*